UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
THOMAS J. TRIOLA,                               :
                                                :
                Plaintiff,         :           **ORDER**
                                                :
                -against-         :           01-CV-1603 (DLI)(TEB)
                                                :
JOHN SNOW,                                      :
                                                :
                Defendant.         :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiff Thomas J. Triola, a retired Special Agent formerly employed by the United States Customs Service ("U.S. Customs"), brings this action against John Snow,[1] pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., ("Title VII"). By Memorandum and Order dated March 2, 2004, U.S. District Judge Thomas C. Platt dismissed the age discrimination claim brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 but did not grant summary judgment as to the retaliation claims because the claims involved disputed issues of material facts. Thus, the retaliation claims remain. Plaintiff alleges that defendant retaliated against him for filing Equal Employment Opportunity ("EEO") complaints to contest, *inter alia*, the omission of his name from lists used to fill job vacancies.

Presently before the court is defendant's motion *in limine* to preclude plaintiff's use at trial of Walter Biondi's deposition testimony from an unrelated case.[2] Defendant claims, and plaintiff

---

[1] This action was originally brought against Paul H. O'Neill, in his official capacity as Secretary of the Treasury of the United States of America. Pursuant to Fed. R. Civ. P. 25(d), Secretary O'Neill's successor is automatically substituted as the defendant in this action.

[2] Defendant initially sought to strike plaintiff's demand for a jury trial and to dismiss plaintiff's July 1998 retaliation claim in addition to the preclusion of Biondi' deposition testimony. (Deft.'s Letter Brief, Feb. 22, 2005). However, plaintiff withdrew his demand for a jury trial. (Pl.'s Resp., March 14, 2005), and defendant withdrew his objection to the retaliation claim. (Deft.'s Reply, March 22, 2005).

does not contest, that neither Biondi's name nor his deposition transcript was ever revealed during the discovery phase in the instant matter. Indeed, plaintiff first mentioned Biondi's name in the first Proposed Joint Pretrial Order. Proposed Pretrial Joint Order at 16, *Triola v. Snow*, No. 01 Civ. 1603 (Oct. 13, 2004). Defendant moves to preclude the use of Biondi's deposition because (1) defendant received late notice of plaintiff's proposed use of Biondi's deposition transcript and (2) it is hearsay. Plaintiff argues that Biondi's testimony falls within the hearsay exception set forth in Fed. R. Evid. 804(b)(1), 28 U.S.C.A ("Rule 804(b)(1)").

Federal Rule of Civil Procedure 26(e), which focuses on the discovery obligations of civil litigants, imposes a continuing duty to supplement disclosure where a "party learns that in some material respect the information disclosed is incomplete or incorrect and . . . additional or corrective information ha[s] not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(a). Rule 37 specifically identifies preclusion as a possible sanction where a party offers no substantial justification for late disclosure. *See* Fed. R. Civ. P. 37(c)(1).

Because plaintiff revealed his intent to introduce Biondi's deposition testimony well after the close of discovery and because plaintiff also failed to offer any explanation for the late disclosure, Biondi's deposition testimony is precluded.[3]

Furthermore, despite plaintiff's bare assertion to the contrary, Rule 804(b)(1) has not been satisfied. All that Biondi's deposition testimony offers is unadulterated double hearsay inadmissible at trial. *See, e.g.*, *Finnegan v. Bd. of Educ.*, 30 F.3d 273 (2d Cir. 1994).

---

[3] Discovery was completed by Sept. 19, 2002. Docket entry dated July 3, 2002, *Triola v. Snow*, No. 01 Civ. 1603.

Walter Biondi is a former Assistant Commissioner of the U.S. Customs Service's Office of Internal Affairs. Proposed Pretrial Joint Order at 16, *Triola*, No. 01 Civ. 1603 (Oct. 13, 2004). Plaintiff seeks to introduce Biondi's deposition testimony for the purpose of establishing that, as a matter of policy, U.S. Customs retaliated against employees who filed Equal Employment Office complaints. (Pl.'s Resp., March 14, 2005 at 2.) Biondi's deposition testimony reflects that, while he was a Special Agent in charge of the New England regional office, he attended a conference in Baltimore, Maryland in 1997. Biondi reported that, during the conference, a U.S. Customs Deputy Commissioner said that "he was not going to be as easy as [a previous deputy commissioner] was in resolving EEO complaints, people were going to have to fight to the bitter end." (Pl.'s Resp., March 14, 2005, Ex. A at 88.)

Plaintiff's proffer fails to meet the Rule 804(b)(1) standard. To avail himself of Rule 804(b)(1), plaintiff must first demonstrate that a potential witness is unavailable: "[u]navailability is the all-important condition precedent to the admission of hearsay statements under the exceptions that are included in Rule 804(b)." 5 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 804.03[1], at 804–9 (Joseph M. McLaughlin ed., 2d ed. 2005).

Plaintiff argues it is premature to address Biondi's unavailability because no firm date for trial has been set. This argument is consistent with plaintiff's pattern of equivocation and prevarication. The parties have filed a Proposed Pretrial Order. Docket at 34, *Triola*, No. 01 Civ. 1603 (Jan. 13, 2005). The court is ready to set a trial date. Yet, plaintiff fails to inform the court about Biondi's ability to appear for trial.

In addition to having failed to establish Biondi's unavailability, plaintiff also has failed to establish that the Government had an opportunity and similar motive to examine Biondi in the

unrelated case. *See* Rule 804(b)(1).

Plaintiff attaches a copy of Biondi's deposition transcript to his response and points out that the caption of the deposition lists the Secretary of the Treasury as one of the parties. Except to say that the claims "involve[] allegations of discrimination and retaliation," plaintiff fails to indicate the statutory basis for the claims. The court is also left to wonder about, among other things, the relevant time period, region of the country, and type of plaintiff involved in the unrelated action.

Because plaintiff has utterly failed to satisfy Rule 804(b)(1)'s requirements, defendant's motion to preclude Biondi's deposition transcript is granted on this ground as well.

DATED:    Brooklyn, New York
              March 15, 2006

/s/
DORA L. IRIZARRY
United States District Judge