UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
THOMAS J. TRIOLA,　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Plaintiff,　　　　　　　　　:　　　**SUMMARY ORDER**
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　-against-　　　　　　　　　:　　　01-CV-1603 (DLI)(TEB)
　　　　　　　　　　　　　　　　　　　　:
JOHN SNOW,　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　:
　　　　　　　Defendant.　　　　　　　　:
----------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

　　　　Plaintiff Thomas J. Triola, a retired Special Agent formerly employed by the United States Customs Service ("U.S. Customs"), brings this action against John Snow, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq., ("Title VII"). The reader's familiarity with the facts and procedural history underlying this matter is presumed for the purposes of this Summary Order. Before the court is plaintiff's motion, made orally at the December 11, 2009 pretrial conference, to add six witnesses to the joint pretrial order, five of whom were never identified in discovery. Defendant opposes this motion. For the reasons that follow, plaintiff's motion is granted.

## **DISCUSSION**

　　　　Rule 37(c)(1) provides for sanctions if "a party fails to . . . identify a witness as required by Rule 26(a) . . . ." FED. R. CIV. P. 37(c)(1). The default sanction for a violation of Rule 26 is preclusion of the improperly withheld material. However, Rule 37(c)(1) also provides that, instead of preclusion, the court "may order payment of the reasonable expenses, including attorney's fees, caused by the failure [to disclose] . . . ." *Id.*

　　　　Five of the witnesses plaintiff seeks to add to the joint pretrial order were never identified during discovery. Plaintiff first identified these five witnesses at the Pretrial Conference held on

1

December 11, 2009. Plaintiff's justification for failing to identify these witnesses during discovery is that certain portions of Joseph King's trial testimony elicited by plaintiff on cross-examination were "totally unanticipated." (Docket Entry No. 69, Triola Aff. ¶ 6.) This excuse is completely inadequate because plaintiff had an opportunity to depose King and ask the very questions that elicited the "totally unanticipated" responses at trial. Plaintiff must face the consequences of his attorney's decision not to ask those questions, irrespective of the fact that Mr. Solotoff may not have been the attorney that deposed King. Moreover, plaintiff's failure certainly is not harmless, given that defendant has not had an opportunity to depose the witnesses, and the witnesses' testimony purportedly goes to the alleged retaliation at issue and King's credibility.

However, because of the unique circumstances caused by the remand from the Second Circuit, the fact that further trial proceedings have not yet been scheduled, and the court's availability for a trial in the coming months, the court finds that preclusion is not the appropriate sanction. *See Ventra v. United States*, 121 F. Supp. 2d 326, 332 (S.D.N.Y. 2000) ("The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence."); *see also Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) ("Courts in this Circuit recognize that preclusion of evidence pursuant to Rule 37(c)(1) is a drastic remedy and should be exercised with discretion and caution."). Instead, the plaintiff shall pay the expenses (*i.e.*, costs and attorney's fees) incurred by defendant in relation to the instant motion practice and deposing the five previously unidentified witnesses. FED. R. CIV. P. 37(c)(1)(A). The parties are strongly urged to come to an agreement on these expenses without the need of court intervention. If the parties fail to come to an agreement, the matter is referred to the Magistrate Judge.

Lastly, although none of the six witnesses were identified in the joint pretrial order, the court will allow their inclusion because, *under these circumstances*, defendant has adequate time to prepare for their appearance at trial. *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules."). Plaintiff is reminded that the trial is being reopened for a limited purpose, not for a second bite at his case in chief.

## **CONCLUSION**

For the reasons set forth above, plaintiff's motion to amend the pretrial order is granted. Because five of the six proposed witnesses were never identified in discovery, defendant shall have an opportunity to depose those witnesses, and, as a sanction pursuant to Rule 37(c), plaintiff shall bear the expenses incurred by defendant in relation to those depositions and the instant motion practice. Discovery is reopened for this limited purpose and any matters reasonably-related thereto. Any discovery or expense disputes that arise are hereby referred to the Magistrate Judge.

DATED:     Brooklyn, New York
               December 21, 2010

                                                                  /s/
                                                DORA L. IRIZARRY
                                        United States District Judge